108 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hakeem Adisa ADAMS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70025.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 18, 1997.*
Decided Feb. 20, 1997.
 
 On Petition to Review a Decision of the Board of Immigration Appeals, No. Aut-isa-xlt.
 B.I.A.
 REVIEW DENIED.
 Before: ALARCN, CANBY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hakeem Adisa Adams, a native and citizen of Nigeria, petitions pro se for review of the decision of the Board of Immigration Appeals denying Adams's motion to reopen its order affirming the immigration judge's denial of Adams's application for a waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.[1]
 
 
 3
 Adams contends that the BIA abused its discretion by improperly weighing the significance of Adam's new evidence of "close and compelling family ties," rehabilitation, and Nigerian country conditions. This contention lacks merit.
 
 
 4
 We review the BIA's denial of a motion to reopen for abuse of discretion. INS v. Abudu, 485 U.S. 94, 105 (1988). The denial of a motion to reopen will be upheld unless it is "arbitrary, irrational, or contrary to law." Ahwazi v. INS, 751 F.2d 1120, 1122 (9th Cir.1985).
 
 
 5
 The BIA may deny a motion to reopen (1) if the movant fails to establish a prima facie case for the relief sought; (2) if the movant fails to introduce previously unavailable, material evidence which could not have been discovered or presented at the former hearing, see 8 C.F.R. § 3.2 (1996); or (3) if the BIA determines the movant is not entitled to a discretionary grant of the relief sought, see Abudu, 485 U.S. at 105; Delmundo v. INS, 43 F.3d 436, 439 (9th Cir.1994). An applicant who has been convicted of a serious drug offense may be required to show unusual and outstanding equities warranting a favorable exercise of discretion. Johnson v. INS, 971 F.2d 340, 344 (9th Cir.1992).
 
 
 6
 Here, Adams argues that the BIA failed to consider the significance of his son's naturalization. The BIA, while considering the son's naturalization to be a positive factor, did not believe that it substantially increased Adams's family ties where the BIA had already considered the son's lawful presence in the United States.
 
 
 7
 Adams further argues that the BIA failed to give proper weight to the birth of his fourth child and his wife's current pregnancy. The BIA considered the fact that the birth of Adams's youngest child occurred after Adams had been ordered deported from the United States and gave this factor, along with the possibility of more children, "minimal positive weight."
 
 
 8
 Adams argues that he has established new evidence of rehabilitation through his involvement in his children's academic and extra-curricular activities and his membership in two churches. The BIA considered this evidence and concluded that the additional evidence did not meet the heavy burden for reopening. Last, to the extent Adams argues that Nigerian country conditions have deteriorated, posing a danger to Adams and his family, we note that Adams has not applied for asylum.
 
 
 9
 In sum, the BIA concluded, after weighing the new evidence in conjunction with the previously submitted evidence, that the adverse factors of Adams's serious drug convictions and failure to surrender for deportation still outweighed the equities and that Adams was undeserving of a favorable exercise of discretion. Given the evidence in the record we cannot say that the BIA's decision was arbitrary, irrational or contrary to law. See Ahwazi, 751 F.2d at 1122. Accordingly, the BIA did not abuse its discretion by denying the motion to reopen. See Abudu, 485 U.S. at 105.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. 104-132, 110 Stat. 1214. Respondent's brief does not address the jurisdictional impact of that act on this case. Because Adams's petition presents issues that are substantially clearer than any jurisdictional issue, we apply the doctrine of hypothetical jurisdiction and simply decide the issues presented by the petition. See United States v. Troescher, 99 F.3d 933, 934 n. 1 (9th Cir.1996)